IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOANN C. RODRIGUEZ,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security<br>Administration,<br><br>　　　　　　　Respondent. | ）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>） |

Case No.  CV  08-153-E-CWD

**MEMORANDUM DECISION
AND ORDER**

## Introduction

Currently pending before the Court for its consideration is Petitioner Joann Rodriguez's ("Petitioner") Petition for Review (Docket No. 1) of the Respondent's denial of social security benefits, filed April 7, 2008.  The Court has reviewed the Petition for Review and the Answer, the parties' memorandums, and the administrative record (AR),  and for the reasons that follow, will affirm the decision of the Commissioner.

## I.
## Procedural and Factual History

Petitioner filed an application for Disability Insurance Benefits and Supplemental Security Income on August 3, 2005, alleging disability due to mental retardation.  Petitioner's

application was denied initially and on reconsideration, and a request for a hearing was timely filed.

Administrative Law Judge (ALJ) Stanley Hogg held a hearing on June 27, 2007, taking testimony from Petitioner.  (AR 250-263.)  ALJ Hogg issued a decision finding Petitioner not disabled on October 22, 2007.  (AR 13-24.)

Petitioner filed a timely appeal to the Appeals Council which denied her request for review, making the ALJ's decision the final decision of the Commissioner.  (AR 8.)  Petitioner appealed the final decision to this Court.  The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

At the time of the hearing, Petitioner was 41 years of age.  She graduated from high school, and her past relevant work includes work in a fast food restaurant.

## II.
## Sequential Process

The Commissioner follows a five-step sequential evaluation for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920.  At step one, it must be determined whether the claimant is engaged in substantially gainful activity.  The ALJ found Petitioner had not engaged in substantial gainful activity since her alleged onset date.  At step two, it must be determined whether claimant suffers from a severe impairment.  The ALJ found Petitioner's mental retardation "severe" within the meaning of the Regulations.  Step three asks whether a claimant's impairments meet or equal a listed impairment.  The ALJ found that Petitioner's impairments did not meet or equal the criteria for the listed impairments.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess the residual functional capacity (RFC) and determine at step four whether the claimant has

demonstrated an inability to perform past relevant work.  The ALJ found Petitioner was able to perform her past relevant work as a fast food worker.  (AR 22.)  If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to other work that exists in significant levels in the national economy, after considering the claimant's residual functional capacity, age, education and work experience.  Having found Petitioner not disabled at step four, the ALJ was not required to proceed to step five.  However, the ALJ considered step five, and found that a significant number of jobs existed in the national economy which the claimant could perform.  (AR 23.)

### III.
### Standard of Review

The Petitioner bears the burden of showing that disability benefits are proper because of the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *See* 42 U.S.C. § 1382c(a)(3)(A); *Rhinehart v. Fitch*, 438 F.2d 920, 921 (9th Cir. 1971).  An individual will be determined to be disabled only if his physical or mental impairments are of such severity that he not only cannot do his previous work but is unable, considering his age, education, and work experience, to engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d)(2)(A).

On review, the Court is instructed to uphold the decision of the Social Security Commissioner if the decision is supported by substantial evidence and is not the product of legal error.  42 U.S.C. § 405(g); *Universal Camera Corp. v. Nat'l Labor Relations Bd.*, 340 U.S. 474

(1951); *Meanel v. Apfel,* 172 F.3d 1111, 1113 (9th Cir. 1999) (as amended); *DeLorme v. Sullivan,* 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  It is more than a scintilla but less than a preponderance, *Jamerson v Chater,* 112 F.3d 1064, 1066 (9th Cir. 1997), and "does not mean a large or considerable amount of evidence."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The Court cannot disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist which supports the petitioner's claims.  42 U.S.C. § 405(g); *Flaten v. Sec'y of Health and Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995).  Thus, findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive.  *Flaten,* 44 F.3d at 1457.  It is well-settled that if there is substantial evidence to support the decision of the Commissioner, the decision must be upheld even when the evidence can reasonably support either affirming or reversing the Commissioner's decision, because the Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel,* 188 F.3d 1087, 1089 (9th Cir. 1999).

In reviewing a case under the substantial evidence standard, the Court may question an ALJ's credibility assessment of a witness's testimony; however, an ALJ's credibility assessment is entitled to great weight, and the ALJ may disregard self-serving statements.  *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Where the ALJ makes a careful consideration of subjective complaints but provides adequate reasons for rejecting them, the ALJ's well-settled role as the judge of credibility will be upheld as based on substantial evidence.  *Matthews v. Shalala,* 10 F.3d 678, 679-80 (9th Cir. 1993).

**IV.**
**Discussion**

Petitioner believes the ALJ erred at the fourth and fifth steps of the sequential evaluation process.  She specifically contends that the ALJ improperly assessed Petitioner's RFC to perform her past work as a fast food worker at step four, and therefore incorrectly determined she could return to her past work.  At step five, Petitioner contends that the ALJ erred by failing to elicit testimony from a vocational expert.  The Court will address each of these arguments in turn.

**A.**    **ALJ's Evaluation of Petitioner's Residual Functional Capacity to Perform Past Relevant Work.**

In evaluating the record, the ALJ concluded that Petitioner had "no impairment based exertional limits on her ability to work.  She can perform unskilled and simple routine tasks." (AR 22.)  Then, the ALJ considered Petitioner's seventeen year work history at McDonalds, which work was unskilled, and found that petitioner performed the work satisfactorily, quit voluntarily, and could therefore perform her past work as a "fast food worker."  (AR 22.) Petitioner contends that the ALJ erred by failing to consider the accommodations Petitioner required to perform her job at McDonalds, because as defined in the DOT, the definition of "fast-food worker" includes skills that Petitioner could not perform.  (Brief at 6, Docket No. 15.) Petitioner argued that her primary tasks, which included wiping tables, washing dishes, and sweeping floors, were not included in the occupational definition of "fast food worker."  (*Id.*)

At the fourth step in the sequential process, the ALJ determines whether an impairment prevents the claimant from performing work which the claimant performed in the past, *i.e.*, whether the claimant has sufficient residual functional capacity to tolerate the demands of any past relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv).  A claimant's residual

functional capacity is the most she can do despite her limitations.  20 C.F.R. § 404.1545(a).  An ALJ considers all relevant evidence in the record when making this determination.  *Id.*

A claimant is "not disabled" when he or she has the RFC to perform "1) the actual functional demands and job duties of a particular past relevant job; *or* 2) the functional demands and job duties of the occupation as generally required by employers throughout the national economy."  SSR 82-61.  Under the first test, the ALJ may consider whether the evidence shows that a claimant retains the RFC to perform the functional demands and job duties of a particular past relevant job "as he or she actually performed it."  SSR 82-61.  Alternatively, the ALJ may consider whether the claimant retains the capacity to perform the functional demands and job duties of the job as ordinarily required by employers throughout the national economy, in reliance upon the Dictionary of Occupational Titles.  SSR 82-61.  The ALJ is not limited, however, to finding that a particular job as outlined in the DOT is necessarily the particular job or type of work performed by the claimant.  *Stephens v. Shalala*, 50 F.3d 538, 542 (8th Cir. 1995).  "Rather, the ALJ may determine that a claimant is not disabled when he can still perform the *actual* duties of a past relevant job."  *Stephens*, 50 F.3d at 542 (emphasis added).  *See also Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001) (holding that the tests stated by SSR 82-61 are alternative, and that an ALJ can consider past work as actually performed).

In this case, the ALJ determined that Petitioner had the RFC to return to her past work as a fast food worker.  In the context of the ALJ's decision, his reference to fast food worker did not refer to the DOT, but rather considered Petitioner's ability to perform her work as she actually performed it at McDonalds.  The Court therefore disagrees with Petitioner's argument that, simply because the ALJ used the term "fast food worker," which is a job defined by the DOT,

the ALJ must therefore compare Petitioner's abilities with the skills required for "fast food worker" in the DOT.  (Reply Brief at 17.)  Petitioner misstates the test, and the applicable law permits the ALJ to consider how Petitioner actually performed her job, which is what he did.

The ALJ's residual functional capacity finding is supported by substantial evidence in the record.  The AJL need not consider or include alleged impairments that have no support in the record. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1163-64 (9th Cir. 2000).  The record supports the ALJ's finding that Petitioner has no physical impairments, as she never sought treatment for any physical ailments other than routine colds.  (AR 21, 140-146.)  The ALJ credited the opinions of a vocational rehabilitation specialist, the state agency physician, and Petitioner's treating physician.  A vocational rehabilitation specialist assessed Petitioner's skills, which indicated Petitioner could be trained to perform work that had a set number of duties repeated regularly with the assistance of a job coach and the proper training, and that she had the ability to work as a stock clerk, ticket taker, greeter, dining attendant/feeder in a nursing home, recreation aide, or similar occupations.  (AR 20, 80.)  The state agency physician's opinion was consistent with the vocational rehabilitation assessment and indicated Petitioner could carry out short and simple instructions, perform activities within a schedule, sustain an ordinary routine, and interact with the public.  (AR 20, 78, 80, 112-114 .)

Dr. Blauer, Petitioner's physician, also filled out a mental capacity assessment.  Dr. Blauer opined that Petitioner had "slight" limitations in her ability to carry out short and simple instructions, ask questions, complete a normal work week, work with others, and maintain an ordinary routine, but had no restrictions in activities of daily living, maintaining concentration, persistence or pace, no limitation in her ability to perform activities within a schedule or

maintain regular attendance.  The ALJ credited all of these opinions in finding that Petitioner could perform her past relevant work.

Petitioner argues that the opinions credited by the ALJ were inconsistent and that the ALJ failed to consider all of Petitioner's limitations.  For example, Petitioner argues that the ALJ's finding that Petitioner had no limitations on her ability to remember short and simple instructions failed to take into account Dr. Blauer's inconsistent opinion that she had "slight" problems with remembering short and simple instructions.  The Court, however, is not entitled to substitute its opinion for that of the Commissioner.  The ALJ is responsible for determining credibility and resolving conflicts in medical testimony.  *Connett v. Barnhart*, 340 F.3d 871, 873 (9th Cir. 2003).  The record as a whole supports the ALJ's RFC finding that Petitioner could perform simple, repetitive tasks that were unskilled, and that she had no physical limitations.  (AR 22.)

Moreover, the medical evidence, when considered with Petitioner's testimony, provides substantial evidence for the ALJ's finding that Petitioner could return to her past relevant work. Petitioner worked at McDonalds for seventeen years cleaning and washing dishes (AR 254), preparing food (AR 96), stocking supplies (AR 96), and running errands (AR 96).  She quit because she was "stressed" working at two McDonalds locations and no longer wanted to work in a fast food restaurant.  (AR 254, 255, 257.)  Petitioner is able to drive, care for herself, take her mother shopping, clean the house, attend church, and visit her sister.  (AR 259, 260.)  She applied for a job at Wal-Mart.  (AR 260.)   Vocational rehabilitation services can assist her with job skills and job placement.  (AR 78, 80, 112-114.)  Petitioner admitted she can work at her own pace (AR 202), and that she could return to work at McDonalds if they asked her to come back (AR 257, 258).  Accordingly, the Court finds that there is substantial evidence in the record

to support the ALJ's finding that Petitioner had the residual functional capacity to return to her past relevant work as it was actually performed in a fast food restaurant.[1]

Petitioner also argues that her work at McDonald's does not constitute "past relevant work" because she was only expected to work ten hours per week and her earnings were, in most years, below $5,000 per year.  (Reply Brief at 16-17.)  A job qualifies as past relevant work if it involved substantial gainful activity.  *Lewis v. Apfel*, 236 F.3d 503, 515 (9th Cir. 2001).

> Substantial gainful activity is work done for pay or profit that involves significant mental or physical activities.  20 C.F.R. §§ 404.1571-404.1572 & 416.971-416.975.  Earnings can be a presumptive, but not conclusive, sign of whether a job is substantial gainful activity.  Monthly earnings averaging less than $300 generally show that a claimant has not engaged in substantial gainful activity.  20 C.F.R. §§ 404.1574(b)(3) & 416.974(b)(3).  At the other end of the spectrum, monthly earnings averaging more than $500 generally show that a claimant has engaged in substantial gainful activity.  20 C.F.R. §§ 404.1574(b)(2) & 416.974(b)(2). (If a claimant's average monthly earnings fall between $300 and $500, then the Commissioner will consider other information listed in the regulations.)

*Id.*

While the ALJ did not make a specific finding that Petitioner's work at McDonalds was substantial and gainful, he did conclude that her past work constituted past relevant work for the purposes of step four.  The ALJ also concluded that Petitioner had engaged in substantial gainful activity based upon Petitioner's assertion that she could continue to work at McDonalds if they asked her to return, and the absence of any evidence put forth by Petitioner to indicate her work

---

[1]  Because of this finding, the Court will not consider Petitioner's arguments that she can not compete for employment and had limited math, reading, and writing skills such that she could not perform assembly-line simple/repetitive tasks or other unskilled tasks.  Neither of these arguments are relevant to the ALJ's determination that Petitioner could return to her past relevant work, because Petitioner's work at McDonalds did not require her to perform such tasks.

did not qualify as substantial gainful activity.

The record supports the ALJ's determination that Petitioner's past work at McDonalds constituted substantial gainful activity.  Under *Lewis*, a presumption arises from low earnings that shifts the step-four burden of proof from the claimant to the Commissioner, and without the presumption, the claimant must produce evidence that he or she has not engaged in substantial gainful activity.  *Lewis*, 236 F.3d at 515.  If there is no evidence, the ALJ may find that the claimant has engaged in such work.  *Id.*  The record showed Petitioner worked at McDonalds for seventeen years, between 1987 and 2004.  (AR 95.)  Petitioner earned over $6,000 per year between 1999-2004,[2] equivalent to average monthly earnings of over $500 for those periods. (AR 53.)  For the six years prior to her alleged disability onset date, Petitioner earned over the presumptive low earnings amount.  Accordingly, the presumption did not arise and, absent evidence to the contrary, the ALJ did not commit error in determining that Petitioner's past work at McDonalds constituted "past relevant work."

Because the ALJ found Petitioner not disabled at step four and the decision is supported by substantial evidence in the record and is not the product of legal error, the Court will not consider Petitioner's argument that the ALJ erred at step five.[3]  A finding of not disabled at step four alleviates the Commissioner's duty to consider Petitioner's RFC to do other work existing in the national economy.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

---

[2]  Petitioner earned the following during those years, respectively: $7,716; $6,875; $6,654; $7,466; $9,797; $8,803.

[3]  The Court's decision eliminates the need to consider Petitioner's arguments that, at step five, the ALJ failed to consider testimony from a vocational expert or consult the medical vocational grids; whether Petitioner had sufficient mental capacity to perform other jobs within the national economy; and failed to develop a full and complete RFC opinion such that it could be applied to assess performance of other jobs within the national economy.  (*See* Brief at 15-19.)

**V.**
**Conclusion**

Based on review of the entire record, the Court finds that the Commissioner's decision is supported by substantial evidence and is not the product of legal error. Therefore, the Commissioner's decision finding that the Petitioner is not disabled within the meaning of the Social Security Act will be affirmed.

**<u>ORDER</u>**

Based upon the foregoing, the Court being otherwise fully advised in the premises, **it is hereby ORDERED that** the Commissioner's decision finding that the Petitioner is not disabled within the meaning of the Social Security Act is **AFFIRMED** and that the petition for review is **DISMISSED**.



DATED: August 25, 2009

Honorable Candy W. Dale
Chief United States Magistrate Judge